CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE, VA
FILED

JUL 19 2024
LAURA A. AUSTIN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

ROBERT FIFER AND TERESA
FIFER,

    Plaintiffs,

v.

HOLLINS ESTATE, LLC, et al.,

    Defendants.

Case No. 7:24-cv-139

By:   Michael F. Urbanski
Senior United States District Judge

## MEMORANDUM OPINION

This matter comes before the court on a Report and Recommendation entered by Magistrate Judge C. Kailani Memmer on May 7, 2024. ECF No. 21. Plaintiffs Robert and Teresa Fifer, proceeding pro se and in forma pauperis, bring this civil action to recover for alleged damages associated with their mobile home. See Third Am. Compl., ECF No. 17, at 3–6.[1] Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge reviewed the Fifers' Third Amended Complaint and determined that the court lacked subject matter jurisdiction over the claims asserted therein. See R. & R., ECF No. 21, at 3–4. The Fifers subsequently filed additional evidence to support their claims, see ECF Nos. 22, 28, which the court construes as an objection to the entirety of the Magistrate Judge's Report and Recommendation. The court has reviewed the record in this case and agrees with the Magistrate Judge's recommendation of dismissal. Accordingly, the court **ADOPTS** the Report and Recommendation, and this case is **DISMISSED**.

---

[1] The court refers to the Third Amended Complaint's page numbers because the Fifers did not consistently identify the paragraphs by number.

1

## I.

The Fifers allege that they experienced numerous slights at the hands of their property manager and a neighbor. The Fifers entered a rent-to-own contract for a mobile home in Blacksburg, Virginia in May 2023. See Third Am. Compl., ECF No. 17, at 6. Prior to signing the contract, Robert Fifer asked the property manager to repair several problems with the property before he and his wife moved into the home, and the property manager assured the Fifers that the issues would be fixed. Id. at 3–6. The Fifers made a $2,000 down payment and signed the contract. Id. at 6. However, no repairs had been made by the time the Fifers moved into the mobile home later that month. Id. at 6–7. The Fifers raise several additional complaints, mostly revolving around their interactions with a neighbor and alleged business partner, Mathew Vaught. Id. at 10–14. Vaught and Robert Fifer had several arguments at the property, which eventually caused the Fifers to seek a restraining order against Vaught. Id. The court refused to grant the restraining order. Id. at 14. Finally, the Fifers allege that their property manager provided 60 days' notice that their lease would not be renewed in February 2024. Id. at 18.

The Fifers filed their Initial Complaint in this case on February 23, 2024. ECF No. 1. They subsequently filed two more complaints, without seeking leave to file them and before the court had addressed their motion for leave to proceed in forma pauperis. See ECF Nos. 6, 12. On March 27, 2024, the Magistrate Judge entered an Order allowing the Fifers to proceed in forma pauperis and providing them leave to file a Third Amended Complaint.[2] See

---

[2] The Magistrate Judge construed the Fifers' additional proposed complaints as motions to amend. See Order, ECF No. 13, at 1 n.2.

Order, ECF No. 13. The Magistrate Judge cautioned the Fifers that failure to address several deficiencies in their pleading would result in a recommendation of dismissal. Id. at 6.

The Fifers assert numerous state law claims, including breach of contract and defamation. See Third Am. Compl., ECF No. 17, at 1. Additionally, the Fifers, who are white, claim that they suffered race discrimination and disability discrimination.[3] Id. The Magistrate Judge reviewed the Third Amended Complaint and determined that the court lacked subject matter jurisdiction. See R. & R., ECF No. 21, at 4–7. Specifically, the Magistrate Judge found that no diversity jurisdiction exists because the Fifers are citizens of Virginia, and several defendants are citizens of Virginia. Id. at 5. As to the discrimination claims, the Magistrate Judge concluded that the Fifers made only brief, vague references to discrimination, which were insufficient to state a claim. Id. at 5–6.

## II.

Any party may "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within 14 days of being served with a copy of the report, per Rule 72(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).

However, "objections need not be novel to be sufficiently specific," Elijah v. Dunbar, 66 F.4th 454, 461 (4th Cir. 2023) ("[D]istrict courts must solely consider the specificity, not

---

[3] The Fifers claim that Robert Fifer is disabled and has cancer but do not provide specific allegations regarding his disability. See Third Am. Compl., ECF No. 17, at 19, 34.

the novelty, of objections to magistrate recommendations."), and pro se filings must be construed liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007). Therefore, "when reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." Elijah, 66 F.4th at 460–61 (citing Martin v. Duffy, 858 F.3d 239, 245–46 (4th Cir. 2017)). "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

### III.

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a duty to screen initial filings. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656–57 (4th Cir. 2006). The court must dismiss a case at any time if the court determines that the complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Federal district courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case can be filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

4

The Magistrate Judge found that the court lacks subject matter jurisdiction, thus requiring dismissal of this case. The court agrees that the Third Amended Complaint does not support diversity jurisdiction, as it appears that the Fifers and several defendants are Virginia residents. As to federal question jurisdiction, the Fifers make the blanket allegation that they experienced race and disability discrimination. However, their allegations are insufficient to plausibly state a claim. See Iqbal, 556 U.S. at 678. The Fifers, who are white, do not allege facts that show they were injured in any way because of their race. Similarly, though the Fifers vaguely claim that Robert Fifer is disabled, they do not allege that any of the defendants' decisions were motivated by this disability. Accordingly, the Fifers have failed to state a claim for discrimination, and the Third Amended Complaint does not present a federal question. Without more, the Fifers' pleading does not adequately identify a basis for the court's subject matter jurisdiction.

### IV.

For the reasons stated above, the Magistrate Judge's Report and Recommendation is **ADOPTED**, and the Fifers' Third Amended Complaint is **DISMISSED**.

An appropriate order will be entered.

Entered: July 19, 2024

Michael F. Urbanski
Senior United States District Judge